Whitt was indicted for first degree murder arising out of a fatality in an automobile collision, was convicted of second degree murder, and was given a sentence of twenty-five years' imprisonment in the penitentiary. The Court of Criminal Appeals affirmed. We granted a petition for writ of certiorari to consider whether the district attorney's argument to the jury was an impermissible comment on defendant's failure to testify. We hold it was and reverse and remand.
The following statement of the case is taken from the Court of Criminal Appeals' opinion:
 "On October 9, 1976, at approximately 1:00 A.M., Randolph Scott, while driving north out of Huntsville, Madison County, Alabama, observed appellant in a white Chevrolet in front of him. Appellant's *Page 737 
vehicle was also traveling north on a four lane divided highway with a grass median. Scott observed appellant's vehicle run off the right hand side of the highway, and then a few feet later observed it run off into the grass median dividing the highway. After traveling further, Scott saw appellant traveling north in the south bound side of the highway at a speed of approximately 65 m.p.h. Further down the highway Scott again saw the appellant's Chevrolet after it had collided with another vehicle. Scott, however, did not see the actual collision. He walked to the Chevrolet, and seeing no one, approached the other vehicle. He observed a girl, identified later as Vickie Lynn Schmidt, caught by the window on the driver's side of her automobile. She appeared to be deceased. He returned to the Chevrolet and saw appellant lying in the seat of the Chevrolet.
 "Trooper Jimmy Smith testified he came upon the accident shortly after it happened. The victim's automobile was in the south bound lane, and appellant's automobile was partly in the south bound lane and partly in the median. He also stated Ms. Schmidt appeared to be deceased, with multiple lacerations, abrasions, and possibly a broken neck. Trooper Smith diagramed his analysis of the accident and indicated the victim's automobile was traveling south at the time of the collision while appellant's vehicle was traveling north.
 "A carbon copy of a blood alcohol test consent form signed by appellant was introduced as well as the test results. The results indicated appellant's blood contained 0.26 percent ethyl alcohol at the time of the test (two hours and forty-five minutes after the collision) and 0.32 percent alcohol at the time of the collision. The toxicologist indicated these levels would seriously impair any skill necessary for driving an automobile.
 "Dr. Forrest Butler testified he examined the victim at the Huntsville Hospital emergency room. He stated Ms. Schmidt's death was caused by the collision, the victim having suffered multiple abrasions and contusions, a fractured mandible, and possible skull fractures.
 "Detective Yearick of the Huntsville Police Department stated he went to the scene of the collision around 1:30 A.M. There he found a Seagrams 7 whiskey bottle in a paper bag in appellant's automobile which he turned over to Trooper Smith at the Huntsville hospital."
The defendant called no witnesses in his behalf nor did he take the stand and testify. None of the closing arguments to the jury appears in the record, although during the state's summation, the following statements by the district attorney were objected to by the defendant's counsel:
 "I submit to you that there is not one fiber of evidence to rebut murder in the first degree from Tommy Baxter."
 "The only person alive today that knows what happened out there that night is sitting right there."
These remarks were promptly objected to on the grounds that they were comments upon the defendant's failure to take the stand and testify. Motions for mistrial were made in each instance on the same grounds.
With respect to the first comment, the court instructed the jury, viz:
 "Ladies and gentlemen, disregard the Prosecuting Attorney's last remark in regard to no evidence from Tommy Baxter in this case. Tommy Baxter is an attorney and he is not giving evidence in this case whatsoever. That is for you to disregard and not consider that remark whatsoever in your deliberations in arriving at a verdict in this case. I deny your motion."
With respect to the second comment, the court stated, viz:
 "I am going to instruct the jury though to disregard the last remark in regard to that. The statement made by the District Attorney in his argument is only his inferences from the evidence, but I want you to disregard the last remark, just what he said. I will deny your motion." *Page 738 
With reference to the first comment, the Court of Criminal Appeals held that the remark was "indirect," being directed to the defendant's attorney, Tommy Baxter, that the remark was the same as where the evidence is said to stand "uncontradicted" (in which case the prosecutor has the right to comment), and that the remark was properly "eradicated" by the court's instructions. We agree with the Court of Criminal Appeals that this comment did not constitute reversible error.
With respect to the second comment, the Court of Criminal Appeals held that this remark was "argument in kind" to rebut remarks by petitioner's counsel, that it was only an "indirect" reference to petitioner's failure to testify, and, finally, that any possible reference to petitioner was "eradicated" by the court's instructions. We must disagree and hold that the remark was not an "argument in kind," was not an "indirect" reference to the petitioner's failure to testify, and was not
"eradicated" by the court's instructions.
The comment "The only person alive today that knows what happened out there that night is sitting right there" is almost identical to the comment "`No one took the stand to deny it'" held to be a direct comment on the defendant's failure to testify and held to be reversible error in Beecher III,294 Ala. 674, 320 So.2d 727 (1975) (per Justice Embry). The comment is very close to the comment made in Warren v. State, 292 Ala. 71, 288 So.2d 826 (1973). There, this Court held (per Justice McCall) that the argument "`The only one that said he didn't sell it [marijuana] was the little brother" was also a directcomment on the failure of the defendant to testify and constituted reversible error. It is thus that we must conclude, based on the holding and rationale of those two cases, that the comment by the district attorney in this case was a directcomment on the failure of the defendant to testify and constituted error to reverse.
We cannot agree with the Court of Criminal Appeals that this comment was "argument in kind" to rebut remarks made by petitioner's counsel. It seems self-evident that it cannot be "argument in kind" when we do not have the defense counsel's argument to which this comment is said to reply. The record does not contain the closing arguments in this case.
Since the year 1885 (when the predecessor to Code 1975, §12-21-220 was adopted), the Supreme Court of Alabama, the former Court of Appeals, and the present Court of Criminal Appeals have upheld the right of defendants not to take the witness stand and testify in their own behalf and, if the privilege is exercised, not to be the subject of comment by the state's counsel. See the esteemed late Judge Cates' history of this right which he traced in Padgett v. State, 45 Ala. App. 56,223 So.2d 597, cert. denied, 284 Ala. 732, 223 So.2d 603
(1969), overruled on other grounds, Beecher v. State, supra.
As Justice Embry suggests in his opinion for the Court inBeecher v. State, supra, the basis for this right finds its roots in § 6 of the Alabama Constitution, which declares:
 "That in all criminal prosecutions, the accused * * * shall not be compelled to give evidence against himself * *."
That is the basis for our Code section heretofore referred to, § 12-21-220, which provides that:
 "On the trial of all * * * criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel." [Emphasis ours.]
The federal constitutional aspect of this right was spoken to by the United States Supreme Court in Griffin v. California,380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) when that court held that a prosecutor's comment on the failure of a defendant to testify was violative of the fifth and fourteenth amendments to the federal constitution. Recently, however, that court held that the giving by a trial judge, over defendant's objection, of a cautionary instruction *Page 739 
that the jury is not to draw any adverse inference from defendant's failure to testify does not violate his privilege against self-incrimination. Lakeside v. Oregon, 435 U.S. 333,98 S.Ct. 1091, 55 L.Ed.2d 319 (1978).
It is thus that the Alabama appellate courts have held that
 "[w]here there has been direct comment on defendant's failure to testify, and the trial court has not promptly acted to cure such a statement, the conviction must be reversed. Lamberth v. State, 54 Ala. App. 233, 307 So.2d 43 (1975)."
Beecher v. State, supra.
In Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974) in considering the effect of a comment on the defendant's failure to take the stand in his own behalf and testify, Justice Faulkner wrote for the Court, "In an appropriate context this is highly prejudicial and would require reversal." This, of course, presupposes that the trial court has not promptly acted to cure such an improper comment.
This brings us to a consideration of the last ground given by the Court of Criminal Appeals for finding that the second comment did not constitute reversible error, namely, whether the trial court's instructions to the jury cured such impermissible comment.
We cannot agree that the trial court's instructions in this case were sufficient to cure the harmful effect of the district attorney's comment. The court stated:
 "I am going to instruct the jury though to disregard the last remark in regard to that. The statement made by the District Attorney in his argument is only his inferences from the evidence, but I want you to disregard the last remark, just what he said. I will deny your motion."
In seeking to instruct the jury to disregard the remark, we think that the trial court's instructions fell short of what is required to effectively erase the highly prejudicial andharmful nature of such a comment.
A good example of a prompt, appropriate, and vigorous instruction to the jury as to the impropriety of comments on the failure of the defendant to testify is found in the case ofTroup v. State, 32 Ala. App. 309, 26 So.2d 611 (1946). There, then Judge Harwood wrote that the instructions were sufficient to remove any probability of prejudice to the defendant.
We do not suggest that a trial court's instructions, in order to remove any possible prejudice from improper comments by the district attorney as to the failure of the defendant to take the witness stand, need be in the same verbiage as those inTroup v. State, supra. We will consider the circumstances of each case on its own, considering the type of remark, whether reply in kind or not, whether promptly objected to, and the appropriateness of the trial judge's instructions.
We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor's remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt. U.S. v. Brown, 546 F.2d 166
(5th Cir. 1977); Chapman v. California, 386 U.S. 18,87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Beecher v. State, supra.
We conclude, therefore, that the trial court's instructions in this case fell short of the requisite standards, and that this cause must be reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Justices concur. *Page 740