On petition of LaDonna Lynn Huddleston Tucker, we granted the writ of certiorari in order to review the decision of the Court of Criminal Appeals affirming petitioner's conviction for murder and sentence to life in the penitentiary. We reverse.
The first issue which we address is whether the trial court erred in denying Tucker's motion for a mistrial based on the alleged impropriety of certain comments made by the prosecutor. Tucker contends the disputed comments amount to an impermissible reference to her failure to testify.
During the direct examination of a defense witness, the record shows, the following transpired:
"Q Did you then telephone LaDonna? [the defendant]
 "A I telephoned her, but it took me I don't know how long to find out that —
 "MR. STEPHENS: We object, may it please the Court, what he found out in a telephone conversation.
"Q What did she state to you?
 "MR. STEPHENS: We object to what she stated to him. She's here, may it please the Court. She can tell what she told him.
 "MR. CULPEPPER: Judge, we object to that. Object to the remark just made by Mr. Stephens.
"MR. SMITH: That is a highly improper statement.
"THE COURT: Sustain objection.
"MR. SMITH: And we ask the Court to reprimand —
 "THE COURT: I just sustained the objection and charge the gentlemen to disregard the statement of counsel."
(Emphasis added.)
Where there is a direct reference to defendant's failure to testify, it constitutes ineradicable prejudicial error requiring reversal. Section 6, Const. of Ala. of 1901, is violated. Ex parte Beecher, 294 Ala. 674 at 682, 320 So.2d 727
at 735 (1975). See Ex parte Dobard, 435 So.2d 1351 (Ala. 1983).
Clearly, the prosecutor's comments in the case at bar raise the possibility that the jury could have understood them to be a reference to the defendant's failure to testify. In our view, these comments most probably made an indelible impression upon the jury, alerting the jury to the defendant's opportunity to refute the State's case. After such a comment, a defendant must either testify, or admit guilt by silence.
The State argues further that any prejudicial impact was eradicated by the trial court's instructions to disregard the comments. On this point, we consider the comments to be so prejudicial as to be ineradicable. Ex parte Beecher, 294 Ala. 674, 320 So.2d 727 (1975).
On a second point, we note that during the qualification of the venire, it was discovered that a potential venireman, Jerry Bradshaw, was the brother of a witness for the State. Counsel for petitioner challenged the venireman for cause, stating, "He is the brother of perhaps the most material witness in the entire case." The trial judge denied the challenge. To do so was reversible error. Nobis v. State, 401 So.2d 191
(Ala.Crim.app.), cert. denied, 401 So.2d 204 (Ala. 1981).
For the foregoing reasons, the judgment of the Court of Criminal Appeals is due to be, and it is hereby, reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur. *Page 554