Joe Arthur Blackmon was indicted for rape in the first degree involving a victim who was eleven years old. Alabama Code 1975, § 13A-6-61. The twenty-year-old defendant was convicted of sexual abuse in the first degree (§ 13A-6-66) and sentenced as a habitual offender to twenty years' imprisonment. *Page 1058 
The defendant contends that the prosecutor commented on his constitutional right against self-incrimination.
The defendant did not testify at trial. In direct examination of a defense witness, the following occurred:
 "Q. [Defense Counsel]: What had Joe [defendant] told you?
 "MR. MAXWELL [Assistant District Attorney]: I object to what Joe told him. It is a way for the defendant to testify without taking the stand, and I object."
Defense counsel objected and after an off-the-record discussion, the trial court instructed the jury:
 "THE COURT: Ladies and gentlemen of the jury, you will disregard the last statement by the District Attorney concerning his reasons for objecting to that last question.
 "You won't consider that in this case. So just erase that from your consideration."
In his oral instructions to the jury after both parties had rested their case, the trial court charged on the burden of proof and the presumption of innocence. He also gave the defendant's requested instruction concerning the privilege against self-incrimination.
 "The court charges the jury that the fact that the Defendant did not testify in this case cannot be considered in determining the Defendant's guilt or innocence.
 "No inference or conclusion should be drawn by the jury from the fact that the Defendant was not sworn and put on the stand as a witness in his own behalf, nor should this fact have any weight with the jury in reaching a verdict.
 "The Defendant has not testified in his own behalf; he doesn't have to do that; there is no way to force him to testify in his own behalf."
In ruling on the motion for new trial, the judge found that any error was harmless:
 "THE COURT: The Supreme Court has recently held that that cannot be eradicated; but if you look at what happened in this particular case, it is clear that there is no prejudicial error.
"He was convicted of a lesser included offense.
 "The Court tried to eradicate with the proper instructions to the jury at that time."
* * * * * *
 "[B]ut the jury in this case went back into the juryroom and found the defendant guilty of the lesser offense — the least thing they could do in this case. "So that would be conclusive that there was no prejudice."
* * * * * *
 "I believe the Supreme Court, when they reexamine this question, will find an exception where it's clear on the record that it didn't prejudice them, because I think it would be completely unreasonable to have any other construction of the law, although they did say it wasn't."
* * * * * *
 "[W]here it's apparent on the record that he was not prejudiced by the comment — I think that the Supreme Court when that is presented to them will say that is not reversible error where the judge instructs the jury to disregard the comment."
The prosecutor's comment in this case ("It is a way for the defendant to testify without taking the stand.") is very similar to the district attorney's comment in Ex parte Tucker,454 So.2d 552 (Ala. 1984). There, the objectionable comment was: "We object to what she [defendant] stated to him. She's here, may it please the Court. She can tell what she told him." In Tucker, our Supreme Court found these comments "to be so prejudicial as to be ineradicable." Tucker, 454 So.2d at 553.
The principles governing this issue were set out in Ex parteWilliams, 461 So.2d 852 (Ala. 1984):
 "Comments made by a prosecutor on a defendant's failure to testify are of a highly prejudicial and harmful nature, and this Court must carefully guard against a violation of a defendant's constitutional *Page 1059 
right not to testify. Whitt v. State, 370 So.2d 736, 739 (Ala. 1979). In a case in which there has been a direct reference to a defendant's failure to testify and the trial court has not acted promptly to cure that comment, the conviction must be reversed. Whitt, 370 So.2d at 739. In a case in which there has been only an indirect reference to a defendant's failure to testify, in order for the comment to constitute reversible error there must be a virtual identification of the defendant as the person who did not become a witness. Ex parte Yarber, 375 So.2d 1231, 1234 (Ala. 1979)."
In order to cure the comment, the trial court's instructions must be "sufficient".
 "Thus if there exists the possibility that the prosecutor has commented in such a manner that the jury may understand it as a comment on the defendant's failure to testify, it is for the trial court to cure this violation of prosecutorial duty by prompt and vigorous instructions to the jury informing them of defendant's right not to be compelled to testify and that they may draw no presumption from his decision not to testify. Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974), and cases cited therein. In this regard we note that some comments can be so prejudicial as to be ineradicable. Stain v. State, 273 Ala. 262, 138 So.2d 703 (1961); McLemore v. International Union, 264 Ala. 538, 88 So.2d 170 (1956) (noncriminal case)." Beecher v. State, 294 Ala. 674, 682-83, 320 So.2d 727 (1975) (emphasis in original).
Additional guidance was given in Whitt v. State, 370 So.2d 736,739 (Ala. 1979):
 "We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor's remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt."
See also Coble v. City of Birmingham, 389 So.2d 527, 535
(Ala.Cr.App.), cert. denied, Ex parte Coble, 389 So.2d 535
(Ala. 1980). "[T]he admonition to the jury that they disregard such improper remarks must be strong and not merely perfunctory, and . . . the trial court may err to reversal by saying too little to eradicate the damage." Qualls v. State,371 So.2d 949, 950 (Ala.Cr.App.), cert. denied, 371 So.2d 951
(Ala. 1979).
The comments condemned in Tucker are so similar to the prosecutor's remarks in this case that any disparity is merely a distinction without a difference. Under Tucker, we are compelled to find that at the very least the remarks "raise the possibility that the jury could have understood them to be a reference to the defendant's failure to testify." Tucker, 454 So.2d at 553. It is clear from the record that the trial judge considered the prosecutor's comment objectionable and improper.
Although the error in this case could have been cured by proper action by the trial court, his instructions in this case were neither prompt nor sufficient. The instructions given immediately after the comment were insufficient because they did not inform the jury of the defendant's right not to be compelled to testify and that no presumption could be drawn from the decision not to testify. Beecher, 294 Ala. at 683,320 So.2d 727. Although the trial court did charge the jury on these matters in his oral instructions, those instructions did not eradicate the error because they were not prompt and were not given immediately after the prosecutor's objectionable remarks. Whitt, 370 So.2d at 739.
Additionally, we do not accept the trial court's finding of harmless error based on the fact that the defendant was *Page 1060 
only found guilty of the lesser included offense of first degree assault. This verdict shows that apparently the jury rejected the victim's testimony and accepted the defendant's version of the account contained in his confession introduced by the State. Had the defendant testified or had the prosecutor not reminded the jury that he could testify, the jury could have acquitted the defendant. Regardless, we cannot say with any degree of confidence or certainty that the prosecutor's improper remark did not prejudice the defendant.
Our Supreme Court has made it quite clear that it will not tolerate comments by the prosecutor on the accused's privilege not to testify. The prosecutor who even inadvertently makes reference to the fact that the defendant can testify is inviting reversible error.
The judgment of the circuit court is reversed and this cause is remanded.
REVERSED AND REMANDED.
All Judges concur.