TAYLOR, Judge.
Appellant, Cresslea Christian II, was indicted and convicted of sexual abuse in the first degree, pursuant to the provisions of § 13A-6-66(a)(3), Code of Alabama 1975.
Appellant raises one issue on appeal. He argues that an allegedly improper question asked by the State at trial, regarding his failure to testify at the preliminary hearing, denied him a fair trial and constituted reversible error. The question complained of was posed by the State during cross-examination of appellant at trial. The record reveals the following exchange between appellant and District Attorney David Barber:
“Q. Now, you have been through what is called a preliminary hearing, haven’t you?
“A. Yes, sir.
“Q. And that takes place downstairs on the 5th floor of this courthouse; doesn’t it?
“A. Yes, sir.
“Q. Correct?
“A. Yes, sir.
“Q. And the State of Alabama calls witnesses, correct?
“A. The State of Alabama?
“Q. The State of Alabama.
“A. The State of Alabama did, yes, sir, that’s right.
“Q. And [the alleged victim] testified against you downstairs, didn’t she?
“A. Yes, sir.
“Q. And you knew at that time that that took place on August 29?
“A. I’m not sure what the correct day was.
“Q. Well, it took place a couple or three weeks after the incident, correct?
“A. Yes, sir.
“Q. Had you had time to pull yourself together?
“A. Yes, sir.
“Q. Did you talk with your attorney? “A. Yes, sir.
“Q. Had you chosen to? You could have testified before that Judge, couldn’t you?
“THE COURT: Ladies and gentlemen, that’s an improper question. No person, no citizen in the United States has to testify. No person has to testify. No person accused of anything has to testify. The Constitution of the United States states not only do they not have to testify, the fact that they don’t testify, should not even be commented on. And I’m instructing you to disregard that.
“(Side bar conference was held outside the presence of the jury and the Court Reporter.)”
We note that the record contains no objection by the appellant with regard to this improper statement. The issue was apparently raised for the first time by appellant in a motion for a new trial filed after the conclusion of the trial. The trial court conducted a hearing on this motion and denied it on the grounds that any prejudicial error had been corrected by the prompt curative instructive given at trial.
In Ex parte Tucker, 454 So.2d 552 (Ala. 1984), the Alabama Supreme Court held that “[w]here there is a direct reference to defendant’s failure to testify, it constitutes ineradicable prejudicial error requiring reversal.” However, we note that in the more recent case of Ex parte Williams, *870 461 So.2d 852 (Ala.1984), the Alabama Supreme Court held that such a case is due to be reversed unless the trial court acted promptly to cure the comment. This reference in Williams to the ability of the trial court to cure the error corresponds with the Supreme Court’s reasoning in earlier decisions as well. Ex parte Yarber, 375 So.2d 1231 (Ala.1979); Whitt v. State, 370 So.2d 736 (Ala.1979); Ex parte Beecher, 294 Ala. 674, 320 So.2d 727 (1975).
As it appears that our Supreme Court still adheres to the principle that the effects of such improper remarks can be cured by prompt instructions, we must determine if the curative instructions in this case were sufficient. In Whitt, supra, the court stated that “[w]e will consider the circumstances of each case on its own, considering the type of remark, whether reply in kind or not, whether promptly objected to, and the appropriateness of the trial judge’s instructions.” The court went on to suggest:
“[A]t a minimum the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks were improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify.” Whitt, at 739.
Under the peculiar circumstance of this case, that being that the remark regarding appellant’s failure to testify at the preliminary hearing was made by the State while appellant was actually testifying at trial, and because there is no objection to the remark in the record, we find that the prompt instructions wisely issued by the trial court of its own violation were sufficient to cure any prejudicial or harmful effects of the District Attorney’s improper comment. For this reason the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.