McMILLAN, Judge.
This is an appeal from the appellant’s convictions of the sale of cocaine.
In February 1988, a Madison County grand jury returned a two-count indictment against the appellant, charging him with the sale of a controlled substance, cocaine, in violation of the Alabama Uniform Controlled Substances Act. Because the second offense took place after the effective date of § 13A-12-210 et seq., Code of Alabama (1975) — the Drug Crimes Amendments Act of 1987 — the trial court ordered that this charge be sent back to the grand jury for reindictment under that statute. Thereafter, the appellant consented to the amendment of the indictment and he also moved that the court consolidate both cases for trial. This motion was granted by the trial court. In June 1988, a jury found the appellant guilty of the offenses charged. The appellant was subsequently sentenced under the Habitual Felony Offender Act to life imprisonment for the first charge and to a term of 15 years’ imprisonment for the second one, with the latter sentence to run concurrently with the life term. Two issues are raised in this appeal of the appellant’s convictions.
I.
The appellant first argues that the prosecutor impermissibly made an indirect *994 reference to his failure to testify and that this reference requires reversal. We agree that such an impermissible reference occurred, but we do not agree that it requires a reversal in this case.
The record indicates that the prosecutor stated the following in his rebuttal to the appellant’s closing argument:
“MR. BROUSSARD: We have heard nothing to contradict the testimony of Investigator Poxx about the actual transaction of the sale, nothing. It’s common practice, if you can’t fight right on the issue, the issue of this case, whether or not the Defendant sold cocaine, then you have got to start chopping up everything else. You try to raise a doubt; try to distract; try to divert the jury away from the central issue. That’s the central issue, whether or not this Defendant sold dope.”
Appellant’s counsel interposed a timely objection to the prosecutor’s comments, whereupon the trial court instructed the jury as follows:
“THE COURT: Let me make a statement to the Jury. Just move over to the side for just a minute. I don’t know that the Jury has construed anything said by the District Attorney as a comment upon the failure of the Defendant to testify, but if you have, that’s improper argument and it is not a matter that this Jury can consider. It is the law of this state that a Defendant can use his own judgment and discretion as to whether or not he will take the stand and testify in a case. It is a constitutional right that he has and if he elects not to take the stand, there ought not to be any comment on that fact by anyone with reference to the case. That is a privilege that the Defendant has. He can take the stand or not. That’s up to him. He cannot be compelled to testify against himself. That's a constitutional right that anyone charged with a criminal offense has. There is to be no presumption of guilt or any inference of any kind taken by this Jury, or drawn by this Jury, from his failure to testify in this case. I want to caution you seriously not to let any reference to that fact, if any there has been made in this case, influence you in any degree in making or arriving at your verdict in this case. So infer no guilt from the failure to testify. Infer nothing in his favor from a failure to testify, and do not let that influence your verdict in the case.”
This court has written:
“ ‘In a case which there has been only an indirect reference to a defendant’s failure to testify, in order for the comment to constitute reversible error there must be a virtual identification of the defendant as the person who did not become a witness. Ex parte Yarber, 375 So.2d 1231, 1234 (Ala. 1979).’ Ex parte Williams, 461 So.2d 852, 854 (Ala.1984).”
Funches v. State, 518 So.2d 781, 785 (Ala. Cr.App.1987).
In Christian v. State, 502 So.2d 868 (Ala. Cr.App.1986), this Court noted that error resulting from the prosecutor’s improper comments as to the defendant’s failure to testify may be cured by prompt instructions by the trial court, and we wrote the following:
“As it appears that our Supreme Curt still adheres to the principle that the effects of such improper remarks can be cured by prompt instructions, we must determine if the curative instructions in this case were sufficient. In Whitt [v. State, 370 So.2d 736 (Ala.1979)], the court stated that ‘we will consider the circumstances of each case on its own, considering the type of remark, whether reply in kind or not, whether promptly objected to, and the appropriateness of the trial judge’s instructions.’ The court went on to suggest:
“ ‘[A]t a minimum the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks were improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against *995 himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify.’ Whitt, at 739.”
Id. at 870. See also, Lockett v. State, 505 So.2d 1281, 1286-87 (Ala.Cr.App.1986).
We agree with the appellant’s argument that the doctrine of virtual identification of the defendant is applicable to the facts of the present case and that the prosecutor’s comments were an indirect comment on defendant’s failure to testify. The testimony of Investigator Foxx indicated that the only persons present during the two drug sales were Foxx and the appellant. Thus, the appellant was the only possible witness who could have contradicted Investigator Foxx’s testimony. See, Ex parte Williams, 461 So.2d 852, 853 (Ala. 1984); Ashurst v. State, 462 So.2d 999 (Ala.Cr. App.1984).
In the case sub judice, however, the trial court promptly sustained defense counsel’s objections to the comments of the prosecutor and immediately instructed the jury to disregard the remarks. The court likewise advised the jury that the appellant could not be compelled to testify against himself, that the defendant could use his own judgment and discretion in deciding whether or not to testify, and that the jury could not presume or infer guilt from his failure to testify. As the trial court’s curative instruction complied in all respects with the criteria set forth by our Supreme Court in Whitt v. State, 370 So.2d 736 (Ala.1979), the issue presented in the appellant’s brief is not well taken, and his contention of error must fail.
II.
The appellant next argues that the trial court erred in refusing to give his requested written jury charge No. 2, which pertained to the chain of custody of the cocaine purchased from him. However, review of the record indicates that this issue was not preserved for our review.
At the conclusion of the trial court’s oral charge to the jury, the following exchange occurred:
“THE COURT: That concludes my instructions. Is there anything further from the State?
“MR. BROUSSARD: Nothing further from the State, Your Honor.
“THE COURT: From the Defense? “MR. WIDNER: Your Honor, we have one additional instruction request.
“THE COURT: All right.
“MR. WIDNER: It’s No. 2 on there. “THE COURT: Is there anything further?
“MR. WIDNER: No, sir.
“THE COURT: You may retire to the jury room. I will send the verdict forms and the evidence in to you and then you may consider your verdict.
“(Whereupon, the jury returned to the jury room.)”
Because the appellant failed to object at trial to the court’s failure to give the requested written instruction, nothing was preserved for our review as to this issue. Steeley v. State, 533 So.2d 665, 671 (Ala.Cr. App.1988), cert. denied — U.S. -, 109 S.Ct. 1759, 104 L.Ed.2d 195 (Ala.1989); Allen v. State, 414 So.2d 989 (Ala.Cr.App. 1981), aff'd, 414 So.2d 993 (Ala.1982); Temporary Rule 14, A.R.Crim.P.
For the foregoing reasons, the judgment of the trial court is correct, and it is due to be affirmed.
AFFIRMED.
All Judges concur.