The appellant, Anthony Witherspoon, was convicted after a jury trial of two counts of murder in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life in prison in each case, with the sentences to run concurrently. He raises three issues on appeal; however, we need only address the issues of whether the prosecutor commented on the appellant's failure to testify and whether the trial court erred by failing to give a curative instruction on the prosecutor's comment.
At trial during the State's closing argument, the following colloquy occurred:
 "MR. COUMANIS [prosecutor]: I asked Dr. Cranton on one occasion whether or not you could be sure what was going on in Anthony Witherspoon's head on March 8th, 1990. And what was his response? Yes.
 "He later backed off of that, but yes, he said he could see what was going on inside of Anthony Witherspoon's head at that time.
 "I submit to you, members of the jury, the only person that knows what was going on in Anthony Witherspoon's head is that man sitting right there.
 "MR. HAAS [defense counsel]: If the Court please —
 "MR. COUMANIS: You can ask psychiatrists, psychologists —
 "MR. HAAS: Hold it. Hold it. Improper argument on his part, if the Court please.
"THE COURT: What did he say, Mr. Haas?
 "MR. HAAS: Said the only person that knows what's going on within his head is that man sitting right there and he points at the Defendant right here. And that's inappropriate. He's not supposed to do that.
"THE COURT: Sustained.
 "MR. HAAS: I ask the Court to instruct the jury that that is inappropriate argument, improper argument by the prosecutor.
"THE COURT: Step up here just a moment, please.
 "(A bench conference was held, during which the following occurred:)
 "MR. HAAS: On the basis that it was an inappropriate comment on the failure of the Defendant to testify, I move for a mistrial, if the Court please. I don't think that the State can do what he just did.
"MR. COUMANIS: Based on the case —
 "THE COURT: I'll take it up after the jury is sent out.
 "(Mr. Coumanis continued his final closing argument without further objection.)"
After closing arguments, the trial court delivered its oral charge to the jury without giving a curative instruction as requested by the appellant. The trial court also denied the appellant's motion for mistrial and his motion for new trial, which were based, at least in part, on the prosecutor's comment.
The appellant argues that the prosecutor commented on his failure to testify and specifically directs us to the following portion of the prosecutor's argument: "I submit to you, members of the jury, the only person that knows what was going on in Anthony Witherspoon's head is that man sitting right there." He contends that the comment violates the United States Constitution, the Alabama Constitution, and § 12-21-220, Code of Alabama 1975.[1] We agree. Addressing this issue, the Alabama Supreme Court has held as follows:
 "In a case where there has been a direct reference to a defendant's failure to testify and the trial court has not acted promptly to cure that comment, the *Page 619 
conviction must be reversed. Ex parte Williams, 461 So.2d 852, 854 (Ala. 1984); Whitt v. State, [370 So.2d 736 (Ala. 1979)]; Ex parte Yarber, 375 So.2d 1231, 1234 (Ala. 1979); see also Lakeside v. Oregon, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978) (the giving of such a curative instruction over the defendant's objection does not violate the privilege against compulsory self-incrimination). The federal cases have held that 'a statement by a prosecutor is improper if it was manifestly intended to be, or was of such a character that the jury would naturally and necessarily take it to be, a comment on the failure of the accused to testify.' Marsden v. Moore, 847 F.2d 1536, 1547
(11th Cir.), cert. denied, 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988); United States v. Betancourt, 734 F.2d 750, 758 (11th Cir.), cert. denied, 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 365 (1984).
 "In a case where there has been only an indirect reference to a defendant's failure to testify, in order for the comment to constitute reversible error there must be a close identification of the defendant as the person who did not become a witness. Williams, supra; United States v. Norton, 867 F.2d 1354, 1364 (11th Cir.), cert. denied, [493] U.S. [871], 110 S.Ct. 200, 107 L.Ed.2d 154
(1989)."
Ex parte Wilson, 571 So.2d 1251, 1261 (Ala. 1990). In Wilson, the prosecutor stated during his closing argument: "I can't tell you what that woman went through during that night, because there is only one eyewitness, and he ain't going totell you." Id. at 1260. (Emphasis in original.) The Alabama Supreme Court held that to be a direct comment on the defendant's failure to testify. See also Whitt v. State,370 So.2d 736 (Ala. 1979) ("[t]he only person alive today that knows what happened out there that night is sitting right there"). Furthermore, the Court noted the following:
 "Alabama law clearly holds that '[w]here there is the possibility that a prosecutor's comment could be understood by the jury as reference to failure of the defendant to testify, Art. I, § 6 [Const. of Ala. of 1901] is violated.' Ex parte Tucker, 454 So.2d 552, 553 (Ala. 1984); Ex parte Dobard, 435 So.2d 1351, 1359 (Ala. 1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984) (quoting Beecher v. State, 294 Ala. 674, 682, 320 So.2d 727, 734 (1975))."
Wilson, 571 So.2d at 1262. In the instant case, the prosecutor's comment was a direct comment on the appellant's failure to testify, and there was a distinct possibility that the comment could have been understood by the jury as a reference to his failure to testify.
The State relies on Owen v. State, 586 So.2d 958
(Ala.Cr.App. 1990), reversed on other grounds 586 So.2d 963
(Ala. 1991), where this court held that the "prosecutor's comment that only 'God and Donald Owen' know what went through his mind on the night of the murder" was held to be a comment on the validity of the defendant's special plea of mental disease or defect rather than a comment on his failure to testify and contends that the prosecutor's comment was a reference to the validity of the appellant's defense of mental disease or defect, rather than a comment on his failure to testify. We disagree. If that were the case, as the State argues, the prosecutor could have commented on the appellant's defense without stating "I submit to you, members of the jury, the only person that knows what was going on in Anthony Witherspoon's head is that man right there," as he pointed at the appellant. Furthermore, if we continue to follow Owen, we would be allowing the prosecution to comment on a defendant's failure to testify any time there was a special plea of mental disease or defect. To the extent that Owen is inconsistent with this opinion, it is overruled.
Having determined that the prosecutor's comment was a direct comment on the appellant's failure to testify, we must address the trial court's failure to give a curative instruction. The Alabama Supreme Court in Wilson also addressed the failure to give a curative instruction: *Page 620 
"At a minimum, under such circumstances, the trial judge should sustain the objection and immediately instruct the jury as to the impropriety of the remark made by the district attorney. In giving a curative instruction on the defendant's right not to testify, the trial judge should read the statute and explain thoroughly and immediately to the jury that the defendant's failure to testify in his own behalf shall not create any presumption against him. As we previously stated inWhitt, supra:
 " 'We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor's remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt. [United States] v. Brown, 546 F.2d 166 (5th Cir. 1977); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Beecher v. State, [294 Ala. 674, 320 So.2d 727 (1975)].'
 "A curative instruction in a situation of this type, to be of any value, must be given immediately after the harmful statement is made. Further, where there can be any reasonable doubt as to the particular statement in question, that statement should be explicitly identified to the jury so that it can know what must not be considered. Anything less can in no way cure the error. See Beecher v. State, 294 Ala. 674, 320 So.2d 727 (1975); Warren v. State, 292 Ala. 71, 288 So.2d 826 (1973); see also United States v. Robinson, 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988) (comments by prosecutor that respondent could have explained his story to the jury were in response to references by defendant's counsel to the Government's failure to provide respondent an opportunity to 'explain' his side of the story and were not reversible error); Troup v. State, 32 Ala. App. 309, 319, 26 So.2d 611, 620 (1946) (the case was not reversed due to the prompt and appropriate instructions given to the jury)."
Wilson, 571 So.2d at 1265 (Emphasis supplied.) In Wilson, an untimely curative instruction was held to be error. In the instant case, the trial court sustained the appellant's objection, however, it simply failed to give a curative instruction as requested by the appellant. Thus, the judgment is reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.
[1] "§ 12-21-220. Right of defendant to be witness; effect of prosecution's comment on defendant's failure to testify.
"On the trial of all indictments, complaints or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel. If thedistrict attorney makes any comment concerning the defendant'sfailure to testify, a new trial must be granted on motion filedwithin 30 days from entry of the judgment." (Emphasis supplied.)