COBB, Judge.
Dwight Stuart Taylor was indicted for theft of property in the first degree and for possession of burglary tools. The trial court granted Taylor’s motion to suppress evidence seized during a search of the vehicle in which Taylor was riding because the search and seizure of the vehicle was illegal. The trial court dismissed the charges against Taylor.
The sole issue raised on appeal is whether Taylor lacked standing to object to the search of the vehicle in which he was a passenger. The vehicle in question was a U-Haul truck.
“In Rakas v. Illinois, 439 U.S. 128, 148-49, 99 S.Ct. 421, 432-33, 58 L.Ed.2d 387 *952 (1978), the United States Supreme Court held that the petitioners did not have standing to challenge the search of a vehicle in which the petitioners were passengers and the subsequent seizure of a box of rifle shells from in the glove compartment and a sawed-off rifle from under the front passenger seat. The Court stated that the petitioners ‘made no showing that they had any legitimate expectation of privacy in the glove compartment or area under the seat of the car in which they were merely passengers,’ and that ‘[l]ike the trunk of an automobile, these are areas in which a passenger qua passenger simply would not normally have a legitimate expectation of privacy.’ Id.”
Lanza v. State, 579 So.2d 8, 10 (Ala.Crim. App.1990). “The burden was on the [defendant] to establish that his own Fourth Amendment rights were violated by the challenged search and seizure.” German v. State, 492 So.2d 622 (Ala.Crim.App.1985).
While the burden is on Taylor to prove he had standing to challenge the search, Taylor never had an opportunity to establish standing because the trial court found the search and seizure illegal without addressing the standing issue. Therefore, this cause is remanded to the trial court with directions that an evidentiary hearing be held at which Taylor will have the opportunity to prove that he had an expectation of privacy in the area of the U-Haul truck that was searched.
We must note that the State has preserved this issue for review because this issue was raised by pretrial motion (R. 83) and at the suppression hearing (R. 83).
This case is remanded to the trial court. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the court.
REMANDED WITH DIRECTIONS. 
All the Judges concur.