The appellant, Eddy Bruce Bailey, was indicted on two counts of unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala. Code 1975. Count I of the indictment charged the appellant with the unlawful possession of alprazolam (also known as Xanax). Count II of the indictment charged the appellant with the unlawful possession of dihydrocodeinone. The jury returned verdicts acquitting the appellant as to Count II of the indictment and finding him guilty as charged under Count I of the indictment. He was sentenced as a habitual offender to 15 years' imprisonment.
We need address only the appellant's contention that a remark made by the prosecutor during the state's closing argument in rebuttal was an impermissible comment on the appellant's failure to testify.
Only those parts of the closing arguments pertaining to objected-to statements are included in the record on appeal. For our purposes, the pertinent remarks, which occurred in the presence of the jury, are as follows:
 "[Prosecutor]: And, I'm not talking about him testifying, he didn't have to. It is his constitutional right that he does not have to testify.
 "[Defense counsel]: Your Honor, I object to the statement. He made his argument that the Defendant has the constitutional right not to testify and by making the argument, he is commenting on the right not to testify and we object.
"THE COURT: Overruled.
 "[Prosecutor]: Thank you, Judge. He could have cleared all this up, though.
 "[Defense counsel]: Your Honor, I object, 'The defendant could have cleared all of this up.' This is a direct statement on the defendant's constitutional right not to testify. We move for a mistrial.
 "THE COURT: The motion for a mistrial is denied. Ladies and gentlemen, disregard the last statement of the assistant district attorney. The defendant has the constitutional right to remain silent as I will instruct you when we get to the Court's charge of the law. Proceed."
(R. 368-69.) (Emphasis added.)
Thereafter, in its oral charge, the trial court instructed the jury further, as follows:
 "Under our system of law, the defendant has a constitutional right to remain silent. He is presumed innocent until proven guilty beyond a reasonable doubt."
(R. 377.)
A defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution are violated when the prosecution comments on the defendant's failure to testify.Ex parte Wilson, 571 So.2d 1251, 1261 (Ala. 1990), citingGriffin v. California, 380 U.S. 609, 85 S.Ct. 1229,14 L.Ed.2d 106 (1965), and Baxter v. Palmigiano, 425 U.S. 308, 319,96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976). Further, § 12-21-220, Ala. Code 1975, provides, in pertinent part:
 "On the trial of all indictments, complaints or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel." *Page 5 
See also Alabama Constitution, Art. 1, § 6. "In a case where there has been a direct reference to a defendant's failure to testify and the trial court has not acted promptly to cure that comment, the conviction must be reversed." Ex parte Wilson, 571 So.2d at 1261; Ex parte Williams, 461 So.2d 852, 854 (Ala. 1984); Whitt v. State, 370 So.2d 736, 739 (Ala. 1979).
In Beecher v. State, 294 Ala. 674, 320 So.2d 727 (1975), the Court held that the statement, "No one took the stand to deny it" was a comment on the defendant's failure to testify. Further, in Jackson v. State, 629 So.2d 748 (Ala.Cr.App. 1993), this court held that the prosecutor's statement, "Now, if he had wanted to testify, that would be fine, but he did not," was a direct comment on the defendant's failure to testify.
The comments in this case are similar to the comments made in the cases cited above, which were held to be comments on the defendant's failure to testify. While the prosecutor may not have intended to comment on the appellant's failure to testify, we are of the opinion that he did.
A reversal may be prevented if the trial court sustains an objection to the improper remark and promptly and appropriately instructs the jury as to the impropriety of the remark. Exparte Wilson, 571 So.2d at 1265. "In giving a curative instruction on the defendant's right not to testify, the trial judge should . . . explain thoroughly and immediately to the jury that the defendant's failure to testify in his own behalf shall not create any presumption against him." Wilson, 571 So.2d at 1265. In determining whether the curative instructions have eradicated the prejudice caused by the improper remark, each case must be considered on its own facts and circumstances. Whitt, 370 So.2d at 739. The "type of remark, whether reply in kind or not, whether promptly objected to, and the appropriateness of the trial judge's instructions" shall be considered. Whitt, 370 So.2d at 739.
The Alabama Supreme Court has suggested the following minimum requirements for curative instructions when an objection has been made to an improper direct comment on a defendant's failure to testify:
 " 'We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor's remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt.'
 "A curative instruction in a situation of this type, to be of any value, must be given immediately after the harmful statement is made. Further, where there can be any reasonable doubt as to the particular statement in question, the statement should be explicitly identified to the jury so that it can know what must not be considered. Anything less can in no way cure the error."
Ex parte Wilson, 571 So.2d at 1265, quoting Whitt, 370 So.2d at 739. (Citations omitted; emphasis added.)
We recognize that " '[t]he trial judge is in the best position to determine whether the prejudicial effects of an improper remark can be eradicated by instructions to the jury, and his determination should be accorded great deference,' "Jackson v. State, 629 So.2d 748, 754 (Ala.Cr.App. 1993), quoting Hannah v. State, 518 So.2d 182, 185 (Ala.Cr.App. 1987). However, we cannot say that the trial court's instructions in this case were sufficient to cure the prejudicial effect of the prosecutor's comment on the appellant's failure to testify. The trial court's curative instructions did not fulfill the minimum requirements for such instructions. The court merely instructed the jury to disregard the prosecutor's comment and instructed jurors that the appellant had the right to remain silent. The court failed to go any further. Particularly detrimental to the appellant was *Page 6 
the court's failure to instruct jurors that no presumption of guilt or inference of any kind should be drawn from the appellant's failure to testify. See Ex parte Wilson, 571 So.2d at 1265. The trial court made what was obviously a good faith attempt to cure the effects of the prosecutor's remarks; however, the court's instructions fell short of the requisite standards. Therefore, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.