COBB, Judge,
dissenting.
I respectfully dissent from the majority’s unpublished memorandum; that memorandum holds that the comments of the prosecutor in closing argument were not sufficiently transcribed in the record for us to determine whether the argument was a direct comment on the defendant’s right to remain silent. Even though the record contains only several sentences of the prosecutor’s argument, I believe the record is sufficient to allow this court to interpret the plain language of the prosecutor’s argument. The record reflects the following:
“MR. CORNELIUS [Prosecutor]: ... If you know he is responsible for this, and the way you hold him accountable for the following things. His house; it was his house. He has not said one word to you about whether or not—
“MR. BOUDREAUX [Defense counsel]: Your Honor, again, would you please explain to the jury and ask Mr. Cornelius to quit saying that I have a burden of proof in this case.
“(Whereupon a discussion was held off the record.)
“THE COURT: Ladies and gentlemen, I am not sure I understood him to say that the burden was on Mr. Boudreaux or the defendant in this case. I understood him to say that this was his house. And I overrule the objection. Go ahead.
“MR. BOUDREAUX: I might add, Judge, what I was objecting to was when he said, ‘Mr. Boudreaux hasn’t said one thing about this.’'
“THE COURT: Well, Mr. Boudreaux’s client does not have any burden in this case. Okay?
“MR. CORNELIUS: His house; we didn’t hear any evidence other than it was his house—
“MR. BOUDREAUX: Your Honor, I am going to object, and I am going to be heard at the appropriate time—
“THE COURT: Okay.
“MR. BOUDREAUX: — about evidence.
“THE COURT: Okay.”
(R. 262-63.)(Emphasis added.)
Then, after the completion of arguments and the trial court’s charge to the jury, the following took place:
“MR. BOUDREAUX: I made an objection and didn’t state my grounds and asked to be heard timely outside the presence and hearing of the jury so that the Court wouldn’t have to adjourn the jury to hear it. But even after my objection, Mr. Cornelius continued to make impermissible comments on the defendant’s failure to testify. He said this or that, in substance: that we didn’t hear one shred of evidence from the defendant about this, that, and the other. Even after my objection, which should have called it to his attention, he continued to say we didn’t hear any evidence from the defendant. And that is an impermissible comment upon the defendant’s failure to testify, and I would ask for a mistrial at this time.”
“MR. CORNELIUS: May I respond to it, please, sir? That is a lie.. And I would like, with Your Honor’s permission, I would like to read it back so that he can see that he just lied in that record. I never said anything like that. I said what the lawyers said or didn’t say. I never once said the defendant didn’t testify. And that is a bald-faced lie.
*336 “THE COURT: Okay. Well, I didn’t hear that either, and I will overrule that at this time.”
(R. 281-82.)
The majority concludes that the record is simply too incomplete to allow a conclusion that the prosecutor was referring to the defendant when he stated, “His house; it was his house. He has not said one word to you about whether or not — ” I do not agree. Given that in the two sentences immediately preceeding that comment the prosecutor was clearly referring to the defendant by his use of the third-person pronouns “he,” “him,” and “his,” the very next sentence, “He has not said one word to you ...” can be interpreted only to mean that the prosecutor was referring to the defendant.
The Alabama Supreme Court has repeatedly held that a prosecutor may not comment on a defendant’s exercise of the right against self-incrimination:
“A comment on the defendant’s failure to testify is to be ‘scrupulously avoided.’ ... Where there has been a direct comment on, or direct reference to, a defendant’s failure to testify and the trial court does not act promptly to cure the comment, the defendant’s conviction must be reversed.”
Ex parte Purser, 607 So.2d 301, 304 (Ala.1992). A reversal may be avoided if the trial court sustains an objection to the improper comment and promptly and appropriately instructs the jury as to the impropriety of the remark. Ex parte Wilson, 571 So.2d 1251, 1265 (Ala.1990).
“In determining whether the curative instructions have eradicated the prejudice caused by the improper remark, each case must be considered on its own facts and circumstances. Whitt [v. State], 370 So.2d [736] at 739 [(Ala.1979) ]. The ‘type of remark, whether reply in kind or not, whether promptly objected to, and the appropriateness of the trial judge’s instructions’ shall be considered. Whitt, 370 So.2d at 739.”
Bailey v. State, 717 So.2d 3, 5 (Ala.Crim. App.1997).
The Alabama Supreme Court has suggested minimum requirements for curative instructions when an objection has been made to an improper direct comment on a defendant’s failure to testify:
“ We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor’s remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt.’
“A curative instruction in a situation of this type, to be of any value, must be given immediately after the harmful statement is made. Further, where there can be any reasonable doubt as to the particular statement in question, the statement should be explicitly identified to the jury so that it can know what must not be considered. Anything less can in no way cure the error.”
Ex parte Wilson, 571 So.2d at 1265, quoting Whitt v. State, 370 So.2d 736, 739 (Ala.1979) (citations omitted).
In this case, the trial court not only overruled the objection but, when defense *337 counsel pointed out the exact sentence to which he was objecting, the trial court merely reminded the jury that the defendant did not have the burden of proof. In doing so, the trial court’s instruction was insufficient to “cure” the error in the prosecutor’s argument. Hereford v. State, 608 So.2d 439, 442 (Ala.Crim.App.1992). I would reverse Rowser’s conviction because of the prosecutor’s direct comment on the defendant’s right against self-incrimination. I must therefore, respectfully dissent from that part of the memorandum.