BYRNES, Judge.
Valiant Scott was charged with distribution of cocaine. Defendant pled not guilty. Following trial by jury he was convicted of attempted distribution of cocaine. The trial court sentenced defendant, as a second felony offender, to five years at hard labor and to pay $155.00 in court costs or spend thirty days in parish prison. From this conviction, defendant appeals urging three assignments of error.
Information from various people that drug transactions were occurring at a tire repair shop located at the corner of St. Claude and Piety streets led several New Orleans police officers to set up a surveillance of that location on September 12, 1986. During the surveillance they observed a pattern of activity whereby one individual would stand in front of a soda machine outside the tire shop and a second individual would approach him. The two would speak briefly. The second individual would to inside the tire shop and the defendant would come out. The defendant would then approach the individual standing in front of the soda machine. The two would speak briefly and then shake hands at which time the officers believed a drug transaction occurred. The first individual would then leave and the defendant would return to the inside of the store.
After the officers witnessed four of these transactions, Officer Edward Perkins decided to try to make a purchase from the defendant while the other officers watched. To signal that the transaction had been completed, Perkins would turn the baseball cap on his head around so that the other officers could apprehend the defendant. Consequently, as Perkins stood in front of the soda machine an individual approached him and asked, “Are you looking for some snow?” Perkins responded, “Yeah”. Then the individual went inside the store. The defendant came out of the store shortly thereafter and asked Perkins, “What do you need?” Perkins just stood and hunched his shoulders. The defendant then said, “Snow?”. Perkins nodded and took from his pocket two twenty dollar bills. With his left hand Perkins handed the defendant the money while the defendant placed one package of cocaine in Perkins right hand. Perkins signaled the other policemen by moving his cap. As the other police approached, the defendant placed a metal key box in his mouth. The box contained three packets of cocaine.
The defendant was arrested and charged with distribution of cocaine. Prior to trial he filed a Motion for Bill of Particulars and Discovery and Inspection in which he asked for the nature and description of the state’s evidence. The state answered as follows: “4 small plastic packets positive for cocaine”. The defendant then filed a Motion to Suppress Identification. To this the state replied “Does not lie.” On May 29, 1987, at the hearing on the Motion to Suppress Identification the court found the issue was moot.
Trial began on August 6, 1987. The state’s first witness was Officer John F. Palm, Jr., a criminalist for the New Or *400 leans Police Department. The parties stipulated that Officer Palm is an expert in the field of analysis and identification of controlled dangerous substances including cocaine. Mr. Palm testified that, in conjunction with this case, he analyzed four small plastic packets each containing a white powder which tests revealed to be cocaine.
At that point the trial court amended the minute entry of the hearing on the Motion to Suppress which was held on May 29, 1987. The amended minute entry stated, “... I find the State’s ... answer to the Motion to Suppress Evidence was incorrect. That there was evidence seized from Mr. Scott (sic).” The court then re-opened the Motion to Suppress Evidence and heard testimony on the admissibility of the three packages of cocaine found in defendant’s mouth. Upon a finding that evidence was seized pursuant to a lawful detention and arrest, the Motion to Suppress was denied. The defendant then moved for mistrial arguing he was highly prejudiced by the admission into evidence of the three additional packages of cocaine. The trial court denied defendant’s Motion for Mistrial and gave the following reasons for its decision: defense counsel was informed through the bill of particulars that there were four packets of cocaine seized; the bill of information did not set forth any amount of the distribution; the other three packets were part of the res qestae; the state’s answer to the Motion to Suppress was an innocent mistake and there was no prejudice to the defendant.
On appeal the defendant argues the trial court erred in failing to grant a mistrial after the re-opening of the Motion to Suppress. -Reliance is placed on La.C.Cr.P. Art. 703.
We decline to reach this issue as the one package of cocaine received by Officer Perkins from defendant during their transaction is sufficient to support defendant’s conviction and sentence. We, therefore, find a mistrial is not warranted as the actions of the trial court did not result in substantial prejudice to defendant thereby depriving him of a reasonable expectation of a fair trial. See La.C.Cr.P. Arts. 771, 775; State v. Overton, 337 So.2d 1058 (La. 1976).
Defendant next contends that the money seized from him at the time of his arrest was improperly admitted into evidence as no proper foundation was laid.
At trial there was some confusion as to whether money entered into evidence by the state was the $40.00 used by Officer Perkins or additional cash found on the defendant at the time of his arrest. The foundation for the introduction of the $40.00 used by Officer Perkins was laid during the State’s examination of Officer Perkins. Officer Perkins testified that he gave the defendant two twenty dollar bills in exchange for one package of cocaine. The serial numbers of the bills had previously been noted by the officers. After the arrest the two twenty dollar bills were taken to the police station where the serial numbers were recorded. The two twenty dollar bills were then returned to Officer Perkins as they were his personal property.
Even if, granting arguendo, the money admitted was additional cash found on defendant at the time of his arrest and erroneously admitted into evidence, the error was harmless. No prejudicial effect was demonstrated and there was sufficient other evidence to support a finding of guilt. La.C.Cr.P. Art. 921. This assignment, therefore, lacks merit.
By his third assignment of error, the defendant contends the trial court erred in denying his Motion for Mistrial on the grounds that the prosecutor in his rebuttal argument made an indirect reference to the defendant’s failure to testify.
The statement in dispute is as follows: BY THE DISTRICT ATTORNEY:
The idea that this is not an entrapment case. Alright? First of all, what I find—I got to get off the track. I find very interesting—What I really don’t understand is that in order to use entrapment defense you have to admit that he sold the cocaine. You see what I mean? I mean he would have—He has basically admitted to you. I mean he has to. That is why I don’t understand here. He *401 has to admit to you that, yes, I sold the cocaine, but the only reason I did it was because I would have not done otherwise but I had no intention of ever doing it. I wasn’t predisposed to do it before at all.
[[Image here]]
At this point defense counsel objected and unsuccessfully requested a mistrial. Reliance is placed on LSA-C.Cr.P. Art. 770(3) which prohibits both direct and indirect references to defendant’s failure to testify. When a remark directly refers to the defendant’s failure to take the stand, the statute mandates that the defendant be granted a mistrial if he requests one. State v. Marcello, 375 So.2d 94 (La.1979). However, when the allusion is indirect, it constitutes reversible error only when the prosecutor intended to emphasize defendant’s failure to testify. State v. Jackson, 454 So.2d 116 (La.1984).
In our view, the statements in question addressed defendant’s theory of defense, not his election not to testify. Further, they reflect no intent on the part of the district attorney to emphasize defendant’s failure to testify. Therefore, they do not fall under the prohibition of La.C.Cr.P. Art. 770(3).
For the foregoing, reasons, the conviction and sentence are affirmed.
AFFIRMED.