627 So.2d 756 (1993)
STATE of Louisiana, Appellee,
v.
Melvin BANKS, Appellant.
No. 25,528-KA.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1993.
Samuel Thomas, Tallulah, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James D. Caldwell, Dist. Atty., Tallulah, George F. Fox, Jr., Asst. Dist. Atty., Lake Providence, for appellee.
Before SEXTON, NORRIS and VICTORY, JJ.
SEXTON, Judge.
The defendant, Melvin Banks, appeals his conviction by jury of the offense of distribution of cocaine. He was subsequently sentenced to 13 years at hard labor and a $5000 fine. An additional 12 months was assessed in default of payment of the fine. Finding no merit to defendant's assignments of error, we affirm.
Louisiana State Police conducted a large, undercover drug interdiction operation in the Lake Providence area in 1991-92. The operation ran for almost a year and resulted in 40 arrests, one of which was that of the defendant. The defendant allegedly sold one $20 "rock" to an undercover agent, State Trooper Kendrick Vanburen, who had been introduced to the defendant by a confidential informant. The substance purchased by the undercover agent was identified by the crime laboratory as cocaine.
Almost 11 months after the sale, the police arrested Melvin Banks, charging him with one count of distribution of cocaine. Banks' defense at trial was that there was insufficient evidence to identify him as the perpetrator of the crime. Defendant raises this issue on appeal as his first assignment of error, arguing that a rational trier of fact *757 could not have found him guilty of distribution of cocaine.
The crux of defendant's argument is that there was insufficient evidence to identify Melvin Banks as the person who sold the cocaine. The confidential informant who introduced Trooper Vanburen to the defendant identified Banks to Trooper Vanburen as the person who had sold the instant cocaine. Trooper Vanburen had no prior or independent knowledge of the name of the person who sold him the drugs. Defendant complains that the confidential informant who identified Banks to Trooper Vanburen did not testify at trial. The defendant argues that the confidential informant played a major part in establishing the identity of the defendant and defendant should have been allowed to cross-examine the confidential informant.
Defendant confuses the question of Trooper Vanburen's knowledge of the defendant's name with his ability to identify the defendant as the perpetrator of the crime. Whether Trooper Vanburen knew the name of the person who sold him the rock of cocaine at the time of the purchase is irrelevant. Trooper Vanburen identified the defendant, Melvin Banks, as the person who sold him the cocaine. Mr. Banks was not identified by Trooper Vanburen by virtue of his name, but by his appearance. Moreover, it was not the confidential informant who bought the cocaine, but Trooper Vanburen. Hence, the testimony of the confidential informant as to the name or the identity of the defendant was not necessary. As the purchaser of the drug, Trooper Vanburen's testimony was sufficient to identify defendant as the perpetrator. The testimony of a single undercover police officer is sufficient to convict one charged with distribution of drugs. State v. Daniels, 607 So.2d 620, 624 (La.App. 2d Cir.1992); State v. Conway, 588 So.2d 1369 (La.App. 2d Cir.1991). This assignment of error is without merit.
Defendant's second assignment of error is that the trial court committed error by not allowing the defendant to question the state's witness about the character of the confidential informant. Defendant did not brief this issue. Assignments of error which are neither briefed nor argued are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990); URCA Rule 2-12.4.
Defendant's other assignment of error complains of the failure of the trial court to declare a mistrial as a result of the defendant's objection and motion during the state's closing argument. Specifically, the defendant complains about the state's comment on the defense's failure to call a certain witness to testify.
To place this contention in context, it should be noted that in closing argument defense counsel contended that the arrest of the defendant was a case of mistaken identity. Previously, during the cross-examination of Trooper Vanburen, defense counsel intimated that the defendant had a brother and several cousins who resemble the defendant. Counsel also elicited testimony from Banks' brother, Albert Broomfield (alias "Walking Shorty"), that one Nathaniel Brown looked like the defendant. Trooper Vanburen looked at and compared the appearance of Banks and Broomfield and testified that he could not mistake one for the other. Nathaniel Brown did not appear in court.
In rebuttal, the prosecutor stated:
Walking Talking Shorty cannot be mistaken for the defendant here. It is just not that kind of similarity that anybody would make a mistake on that. He said, well, there is another fellow. There is somebody called Nathan Brown who lives over in Oak Grove. Well, if they had a look alike for Melvin Banks that could put some seed of doubt into your mind that there might be two Melvin Banks walking this earth, don't you think they would have called and sent over and had to have this fellow.
Thereupon defense counsel objected and asked for a mistrial on grounds that it was improper for the prosecutor to point out that the defendant did not call Nathan Brown as a witness because the defendant does not have to call any witnesses or testify on his own *758 behalf. The court denied the motion for mistrial, but admonished the jury that the defendant had no obligation to call any witnesses.
A mistrial is a drastic remedy, available only in instances where mandatory or warranted by substantial prejudice which would deny the defendant a fair trial. State v. Tribbet, 415 So.2d 182 (La.1982). A mistrial is mandatory when the district attorney, during argument, refers directly or indirectly to the failure of the defendant to testify in his own defense. LSA-C.Cr.P. Art. 770(3).
Since the prosecutor's comment clearly was not a direct statement that defendant did not testify, the issue is whether the remark constituted an indirect reference to defendant's failure to testify in his own defense.
"In cases where the prosecutor simply emphasized that the state's evidence was unrebutted, and there were witnesses other than the defendant who could have testified on behalf of the defense but did not do so, we have held that the prosecutor's argument did not constitute an indirect reference to the defendant's failure to take the stand." State v. Johnson, 541 So.2d 818, 822 (La.1989) (emphasis in original). We think that the prosecutor's remarks in the instant case are analogous to this situation in that they refer to the defendant's failure to rebut Trooper Vanburen's identification of Melvin Banks by producing the purported "look alikes" of the defendant.
Moreover, the statement by the prosecutor addresses a theory of the defense, namely that the defendant's arrest was a case of mistaken identity, and that there were other persons who resembled the defendant. Statements addressed to the defendant's theory of defense, not his election to testify, reflect no intent on the part of the prosecutor to emphasize the defendant's failure to testify and do not fall within the prohibition of LSA-C.Cr.P. Art. 770(3). State v. Scott, 537 So.2d 398 (La.App. 4th Cir.1989), writ denied, 543 So.2d 18 (1989).
In sum, the challenged statement does not appear to be even an indirect reference to defendant's decision not to testify. Therefore, this assignment of error is without merit.
Accordingly, we affirm the conviction and sentence of the defendant.
AFFIRMED.