COBB, Judge.
Timbrick Ladon Harrison was convicted of robbery in the first degree, a violation of § 13A-8-41, Ala.Code 1975. He was sentenced as a habitual felony offender to life in prison.
Harrison contends that the trial court erred in failing to declare a mistrial when the State, during the rebuttal phase of its closing argument, allegedly commented on Harrison’s failure to testify at trial. During the prosecutor’s closing argument, the following occurred:
“The defense in this case is alibi. And I want to talk about that very briefly. The ‘I-was-somewhere-else defense.’ Eric Smith took the stand, and testified to you that he is the brother of the defendant, one of the defendants. He’s a convicted cocaine felon, and he gets on the stand and tells you that on December 29th, he’s at home at 7:00 in the evening, watching the NBA playoff game between the Bulls, and, I believe he said the Knicks. Well, I submit to you, ladies and gentlemen, if any of you are sports fans, and particularly basketball fans, the playoffs aren’t in December. They fall over into the first of the year, February, or even as late as March.
“His wife testifies, and of course she’s the sister-in-law of the defendant. She’s married to the convicted cocaine felon Eric Smith. She testifies that Eric’s vainly telling her to go get some food fixed, and I believe she said Bulls and some other team are playing. She’s watching the ball game too. But, I submit to you, they don’t know who was playing. They say the Bulls. She maintains it was the playoffs, and I submit to you the playoffs weren’t going on at that time. And very significant conflicts in their stories, at one point Eric, he caught himself later, and came back and tried to change it, but he said right at the tip-off that Ladon [the appellant] and J.T. [the co-defendant] left. She says ‘No. Even if he said that, he’s wrong. It was about 7:30.’ Yet, her attention was focused on trying to get something to eat for these folks. There also a mention of Ronnie Keith Flowers, a Vincent Grey, and a Tim Harrison that were there. You didn’t hear from them. Where were they? I submit to you that the only persons—
“MR. HOLLINGSWORTH [defense attorney]: Your Honor, I am going to have to interpose an objection. May we approach the bench?
“(Conference at the bench out of hearing of the jury.)
“MR. HOLLINGSWORTH: Mr. Smith [the prosecutor] has just indicated to the *1325 jury that Tim Harrison didn’t testify. He asked them, where was he? He is a defendant in this case. We say that is improper and we move for a mistrial.
“THE COURT: All right.
“MR. SMITH: Judge, I was asking where were they, the persons that were named as being there—
“MR. HOLLINGSWORTH: Tim Harrison is one of the defendants.
“MR. SMITH: I hope, and I think I said—
“THE COURT: Your comment, if I remember right, Mr. Smith was, ‘You did not hear from them.’ One of the names was Mr. Harrison’s. I do have a charge here that was requested by the defendant, which I am going to give, which talks about the non-testimony of the defendant. And I am going to have to come up with some way to, in that charge, to elaborate more so, it appears now, that the fact that the defendant did not testify cannot be held against him, or used against him, which is based on what that charge says. But, with that charge already being discussed, and knowing that I am going to give that charge, I am going to deny the motion for mistrial. But, I will clarify, and instruct this jury that they cannot, and shall not consider the fact that a defendant has not taken the stand against him. Let’s go on.
“MR. HOLLINGSWORTH: I object.
“THE COURT: I understand.”
R. 395-98. (Emphasis added.)
It is well settled that in all criminal prosecutions, the accused is not required to testify against himself or herself. “In all criminal prosecutions, the accused shall not be compelled to give evidence against himself. Alabama Constitution, Art. I, § 6.” Ex parte Brooks, 695 So.2d 184, 188 (Ala.1997).
Section 12-21-220, Ala.Code 1975, provides:
“On the trial of all indictments, complaints or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel. If the district attorney makes any comment concerning the defendant’s failure to testify, a new trial must be granted, on motion filed within 30 days from entry of the judgment.”
Furthermore, “the Fifth and Fourteenth Amendments of the United States Constitution may be violated if the prosecutor comments upon the accused’s silence.” Ex parte Brooks, 695 So.2d at 188.' “Comments by a prosecutor on a defendant’s failure to testify are highly prejudicial and harmful, and courts must carefully guard against a violation of a defendant’s constitutional right not to testify.” Ex parte Brooks, 695 So.2d at 188. In fact, such comments are so prejudicial that this court has held that “[w]here there has been a direct comment on, or direct reference to, a defendant’s failure to testify and the trial court does not act promptly to cure the comment, the defendant’s conviction must be reversed.” Baxter v. State, [Ms. CR-95-1556, December 20, 1996] — So.2d - (Ala.Cr.App.1996).
“Where there has been a direct comment on a defendant’s failure to testify' or an indirect comment with a close identification of the defendant as the person who did not become a witness and the trial court does not act promptly to cure the comment, the defendant’s conviction must be reversed_ A reversal may be prevented if the trial court sustains an objection to the improper remark and promptly and appropriately instructs the jury as to the impropriety of the remark....
“ ‘ “We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor’s remarks *1326 will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt.
“ ‘A curative instruction in a situation of this type, to be of any value, must be given immediately after the harmful statement is made. Further, where there can be any reasonable doubt as to the particular statement in question, the statement should be explicitly identified to the jury so that it can know what must not be considered. Anything less can in no way cure the error.’’ ”
Jackson v. State, 629 So.2d 748, 752 (Ala.Cr.App.1993) (quoting Ex parte Wilson, 571 So.2d 1251, 1265 (Ala.1990), quoting in turn Whitt v. State, 370 So.2d 736, 739. (Citations omitted; emphasis added in Jackson.)); See also Bailey v. State, [Ms. CR-96-0269, August 22, 1997] — So.2d - (Ala.Cr.App.1997).
Here, the prosecution made the improper remark on Harrison’s failure to testify prosecutor during his closing argument on rebuttal. Harrison did object and moved for a mistrial. However, he did not request that the trial court give a curative instruction. The trial court noted the objection but gave no immediate curative instruction, ex mero motu, to the jury. Rather, the trial court, during its oral charge to the jury, gave the following charge:
“Ladies and gentlemen, neither defendant has testified in this case, as it their perfect right to do. You are instructed that it is a fact from which you can draw no inference. It is not to be considered by you as a fact in the defendant’s favor, nor is it to be laid to the defendant’s detriment. You may not draw conclusions of any sort from defendant’s failure to testify. Any evidence received or any argument made which may refer to this lack of testimony by either defendant should not, and I instruct you, shall not, be included in your deliberations or your consideration. That cannot be held in favor of or against either defendant.”
R. 407-08.
The record persuades us that the prosecutor probably mistakenly used Harrison’s name. It is believable, based on the record, that the prosecutor intended to name Tony Russell, another individual alleged to be at the Smith’s home with Ronnie Keith Flowers and Vincent Grey. R. 266. We also recognize the possibility that the trial judge thought that giving immediate curative instruction would call unnecessary attention to the prosecutor’s comment. Nonetheless, the prosecutor made a direct comment on the fact that Harrison did not testify and the trial court did not immediately give a curative instructions to the jury.
In Baxter v. State, supra, this court addressed a similar case where the prosecutor inadvertently stated that he expected the defendant to testify. He immediately realized his mistake and advised the jury that he did not mean to say “Baxter”, but rather he meant to say “Boswell”. The defendant made a motion for a mistrial, which the trial court denied, and the trial court refused to give any curative instruction. This court reversed the defendant’s conviction and remanded the case, holding that there had been a direct comment on, or direct, reference to, the defendant’s failure to testify and that the trial court did not act promptly to cure the comment.
In the present case, we note that when Harrison made his motion for a mistrial, he did not request an immediate curative instruction; however, this is not detrimental to this case. “[A] motion for mistrial includes all lesser prayers for relief, including a motion to strike.” Campbell v. State, 570 So.2d 1276, 1281 (Ala.Cr.App.1990); See Ex parte Marek, 556 So.2d 375, 379 (Ala.1989) (“when a litigant makes a motion for a mistrial immediately after the question or questions are asked that are the grounds made the basis of the motion for the mistrial, and the grounds for the motion are clear and definite, then the motion for mistrial will preserve for review lesser prayers for relief, such as an objection or motion or strike”); Qualls v. State, 371 So.2d 949, 950 (Ala.Cr.App.), cert. denied, 371 So.2d 951 (Ala.1979) (defense counsel objected to the prosecutor’s direct comment on the defendant’s failure to testify and the trial court sustained the objection, but gave no curative instructions; thus constituted reversible error); Harris v. *1327 State, 394 So.2d 96, 99 (Ala.Cr.App.1981) (“It is true that in some cases, most notably where the prosecutor comments on the failure of the accused to testify, the trial judge has a duty not only to sustain defense counsel’s objections but to give curative instructions even where not requested”); Cf. Allen v. State, 659 So.2d 135, 145 (Ala.Cr.App.1994) (defendant did not request and did not receive a curative instruction to several objected to comments made by the prosecutor during closing arguments; none of the comments concerned the defendant’s failure to testify. We noted: “While a defendant’s failure to request instructions as part of his motion for a mistrial will not constitute a waiver of the issue of the failure to instruct, we think it should weigh against any claim of prejudice” and under the particular facts of this case, the failure to give a curative instructions was not reversible error because the defendant had not suffered substantial prejudice.).
Clearly, the prosecutor made a direct comment on Harrison’s failure to testify, and there was no prompt curative instruction given to the jury. The fact that the trial court later gave a general instruction in its oral charge to the jury that a defendant is not required to testify is not sufficient. Under these circumstances this Court has no alternative but to reverse the judgment of the circuit court. Accordingly, Harrison’s conviction and sentence must be reversed and his case remanded for a new trial. Although he raises several other issues on appeal, those other issues are pretermitted by our decision here.
REVERSED AND REMANDED.
All the Judges concur.