**Rel: 09/12/2014**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130913

_____

**Ex parte Collier Kirksey**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: Collier Kirksey**

**v.**

**State of Alabama)**

**(Mobile Circuit Court, CC-12-2808;
Court of Criminal Appeals, CR-12-1383)**

PARKER, Justice.

1130913

WRIT DENIED.  NO OPINION.

Stuart, Bolin, Murdock, Shaw, Main, Wise, and Bryan, JJ., concur.

Moore, C.J., dissents.

1130913

MOORE, Chief Justice (dissenting).

Collier Kirksey was convicted of first-degree robbery, see § 13A-8-41, Ala. Code 1975, and was sentenced to life in prison for his role as an accomplice to a robbery at a Winn-Dixie grocery store. The Court of Criminal Appeals affirmed his conviction and sentence in an unpublished memorandum. Kirksey v. State (No. CR-12-1383, April 18, 2014), ___ So. 3d ___ (Ala. Crim. App. 2014) (table). Kirksey makes two arguments in his petition for certiorari review: That the evidence was insufficient to convict him of first-degree robbery and that the prosecutor improperly commented on Kirksey's decision not to testify. I believe the second issue has merit.

"[I]n all criminal prosecutions, the accused ... shall not be compelled to give evidence against himself ...." Art. I, § 6, Ala. Const. 1901. Section 12-21-220, Ala. Code 1975, codifies and elaborates on this principle:

> "On the trial of all indictments, complaints or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel. If the district attorney makes any comment concerning the defendant's failure to testify, a new trial must be

3

<u>granted on motion filed within 30 days from entry of the judgment.</u>"

(Emphasis added.)

During closing argument in Kirksey's trial the prosecutor stated that "every single employee in that store got up here and took the stand and took an oath except for [Kirksey]." Defense counsel immediately moved for a mistrial because the prosecutor had commented on Kirksey's decision not to testify. The trial court then immediately stated:

"Ladies and gentlemen of the jury, I'm going to instruct you in a few minutes when counsel are through with their arguments that <u>every defendant in a criminal proceeding</u> has an absolute right to -- every citizen <u>has an absolute right not to testify</u> in a criminal proceeding brought against them, and the jury will be instructed specifically [that] <u>no inference whatsoever can be drawn from the exercise of those constitutional rights</u>."

(Emphasis added.) Kirksey argues that the trial court's admonition was insufficient to cure the prosecutor's error.

"[C]omment on the defendant's failure to testify is to be scrupulously avoided." <u>Arthur v. State</u>, 575 So. 2d 1165, 1186 (Ala. Crim. App. 1990). Such comments "are highly prejudicial and harmful." <u>J.E. v. State</u>, 997 So. 2d 335, 340 (Ala. Crim. App. 1997). "[W]here a prosecuting officer improperly comments on a defendant's failure to testify, and the trial court

sustains the objection thereto and <u>promptly and appropriately</u> instructs the jury of the impropriety of such remarks, then such remarks should not cause a reversal of the case." <u>Troup v. State</u>, 32 Ala. App. 309, 319, 26 So. 2d 611, 620 (1946) (emphasis added). In <u>Whitt v. State</u>, 370 So. 2d 736, 739 (Ala. 1979), this Court delineated the content of an appropriate curative instruction when a prosecutor has commented on a defendant's failure to testify.

> "We suggest that, at a minimum, the trial judge should sustain the objection, and should promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper, and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify."

Kirksey, quoting this language from <u>Whitt</u>, as quoted in <u>Harrison v. State</u>, 706 So. 2d 1323, 1325 (Ala. Crim. App. 1997), claims that the curative instruction here was weak and incomplete and that it failed to instruct the jury that the offending comment was improper and must be disregarded. The Court of Criminal Appeals, to the contrary, found that the trial court appropriately cured the error when it instructed

5

the jury "to disregard the improper reference to Kirksey's failure to testify and told them not [to] draw any inferences from the statement."

Although Kirksey is arguing in accord with this Court's precedent, that precedent is ill founded. In my view the final sentence of § 12-21-220 should govern: "If the district attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within 30 days from entry of the judgment." (Emphasis added.) Once the prosecutor directly commented on Kirksey's failure to testify, Kirksey had a statutory right to a new trial, regardless of the adequacy of the trial court's attempt at a curative instruction.

In Broadway v. State, 257 Ala. 414, 60 So. 2d 701 (1952), this Court held that the last sentence of § 12-21-220 was unconstitutional as a legislative invasion of the judicial sphere, contrary to the separation-of-powers doctrine. See also Smith v. State, 370 So. 2d 312, 317 n.3 (Ala. Crim. App. 1979) (noting that to give the last sentence of § 12-21-220 "the mandatory effect which its language imports" "would violate the Separation of Powers Section (§ 43) of the

Constitution of Alabama" (citing <u>Broadway</u>)). I find <u>Broadway</u> unpersuasive. The legislature in 1949[1] determined that a prosecutor's comment on the defendant's failure to testify was ineradicable and incurable, justifying an automatic mistrial at the defendant's request, and amended what is now § 12-21-220 by adding the substance of the final sentence. By judicially striking this sentence, the Court invaded the legislative prerogative of prescribing rules of procedure for the courts. The judicial article of the Alabama Constitution, adopted in 1973, authorizes the Supreme Court to create rules of procedure that supersede statutes, with two caveats: the rules may not change substantive rights and the legislature still retains the power to change any court rule by "a general act of statewide application." Art. VI, § 150, Ala. Const. 1901. No rule of court has superseded the last sentence of § 12-21-220. Therefore, if this Court had not found that sentence to be unconstitutional as a legislative invasion of the judicial sphere, it would still be valid. See § 12-1-1, Ala. Code 1975 (stating that statutes regulating court

---

[1]Act No. 124, Ala. Acts 1949.

1130913

procedure are valid in the absence of contravening court rules).

In Beecher v. State, 294 Ala. 674, 320 So. 2d 727 (1975), Justice Jones, concurring specially, joined by Chief Justice Heflin, stated: "I believe that the constitutional guarantee of the right against self incrimination is of such quality that its violation is incurable by any attempt on the part of the trial court to disabuse the minds of the jury with respect thereto. This is a bell once rung which cannot be unrung." 294 Ala. at 684, 320 So. 2d at 736. This statement is consistent with the legislature's determination that such an error is incurable. In Ex parte Tucker, 454 So. 2d 552 (Ala. 1984), this Court stated: "Where there is a direct reference to defendant's failure to testify, it constitutes ineradicable prejudicial error requiring reversal. Section 6, Const. of Ala. of 1901, is violated." 454 So. 2d at 553 (emphasis added). The Court further stated: "In our view, these comments most probably made an indelible impression upon the jury, alerting the jury to the defendant's opportunity to refute the State's case. After such a comment, a defendant must either testify, or admit guilt by silence." Id. Noting the argument

that any prejudicial impact had been eradicated by the trial court's instructions to disregard the comments, the Court repeated: "[W]e consider the comments to be so prejudicial as to be ineradicable." Id.

Having judicially excised in 1952 the last sentence of § 12-21-220, this Court generally holds that a prosecutor's direct comment on the failure of a defendant to testify is curable error. Ex parte Wilson, 571 So. 2d 1251, 1261 (Ala. 1990). Nonetheless, the observations by Justice Jones, joined by Chief Justice Heflin, in Beecher and this Court's statements in Tucker indicate that § 12-21-220, far from being an invasion of the judicial prerogative, is a reasonable and necessary remedy for a direct reference to the defendant's decision not to testify.

The existence of similar statutory provisions in other states has not prompted their appellate courts to strike those provisions as "plainly an infringement by legislative power upon judicial power." Broadway, 257 Ala. at 418, 60 So. 2d at 704. A Louisiana statute mandates a mistrial upon the defendant's motion if the district attorney comments on a

9

1130913

defendant's failure to testify.[2] An admonition or curative instruction is insufficient to repair the error. See <u>State v. Hall</u>, 297 So. 2d 413, 415 (La. 1974) (noting that "[a] mistrial is mandatory" upon motion by the defendant when a "prohibited comment" is made).

---

[2]

"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the ... district attorney ... during the trial or in argument, refers directly or indirectly to:

"....

"(3) The failure of the defendant to testify in his own defense; ...

"....

"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. ..."

La. Code Crim. Proc. art. 770.

1130913

An Oklahoma statute[3] makes it "mandatory on the trial court to grant a new trial when a prosecutor comments on the fact that defendant did not testify." Clark v. State, 91 Okla. Crim. 210, 215, 218 P.2d 410, 413 (1950). "[B]y reason of the statute no instruction by the court could correct or remedy such error." Patman v. State, 95 Okla. Crim. 415, 418, 247 P.2d 308, 311 (1952). Far from considering that law as intruding on the judicial power or "depriv[ing] the circuit court of its constitutional power to function in a judicial way," Broadway, 257 Ala. at 418, 60 So. 2d at 704, the Oklahoma Court of Criminal Appeals quoted the following statement: "'It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce

_____

[3]

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

Okla. Stat. tit. 22, § 701 (emphasis added).

11

1130913

it.'" Patman, 95 Okla. Crim. at 416, 247 P.2d at 310 (quoting Nowlin v. State, 7 Okla. Crim. 27, 32, 121 P. 791, 792 (1912)).

Likewise, in my view, the Broadway Court had the "plain duty" to enforce § 12-21-220 as written, and thus improperly declared that the last sentence was unconstitutional.[4] When the constitutionality of a legislative act is challenged, "it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law." Alabama Fed'n of Labor v. McAdory, 246 Ala. 1, 9, 18 So. 2d 810, 815 (1944). The statements in Tucker, the special concurrence in Beecher, and the implementation of similar provisions by courts in other states indicate to me that the final sentence of § 12-21-220 is not clearly unconstitutional.

---

[4]The Broadway Court also stated that § 12-21-220 reduced the judicial function to a "ministerial act." 257 Ala. at 418, 60 So. 2d at 704. However, in Ex parte Foshee, 246 Ala. 604, 21 So. 2d 827 (1945), the Court held that a legislatively enacted ministerial rule mandating that a trial court take oral testimony when so requested by a party did not "hamper the proper functioning of the trial court." 246 Ala. at 607, 21 So. 2d at 829.

12

1130913

I would grant Kirksey's petition for a writ of certiorari to consider whether we should overrule <u>Broadway</u>, reinstate the last sentence of § 12-21-220, and grant Kirksey a new trial. Therefore, I respectfully dissent.